In the Matter of the Claim of MAMIE PHILLIPS, Respondent, against R. & M. OPERATING CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and insurance carrier from an award of death benefits made by the Workmen's Compensation Board to a dependent mother. A sharp issue was presented as to whether the death of deceased was occasioned by an accident which arose out of and during the course of his employment as a cleaning porter in the employer's theatre, or by suicide. He was found apparently dead upon the premises in a place and amid utensils and fixtures peculiar to the nature of some of his duties. He had been, as was customary, alone in his place of employment for several hours prior thereto. The board decided as a question of fact that the evidence which pointed to self-destruction did not overcome the presumptions and some other evidence to the contrary. We cannot say the findings made as to the cause of death and claimant's partial dependency are without evidentiary support. Award affirmed, with costs to the Workmen's Compensation Board. Hill, P. J., Brewster and Foster, JJ., concur; Russell and Deyo, JJ., dissent.

In the Matter of the Claim of HARRY A. LA BURT, as Director of Creedmoor State Hospital, on Behalf of LORENE TILLOTSON, an Incompetent, Respondent, against ANKARA PERFUMES et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award of death benefits, made under the Workmen's Compensation Law, in favor of an adult dependent child, who is incompetent and at present confined in the Creedmoor State Hospital. Although the dependent has been found to be permanently totally disabled the award was limited to $500, so that payment might be made to the director of the institution where she is confined without the appointment of a committee as permitted by section 80 of the Mental Hygiene Law. Presumably other payments in that amount or less are contemplated. There is evidence sufficient to create an issue of fact as to dependency and the board's finding in that respect is final. However, we find no authority in the Workmen's Compensation Law for the form and manner in which the award has been made. Award reversed, without costs, and the matter remitted to the Workmen's Compensation Board for further consideration. Hill, P. J., Brewster, Foster, Russell and Deyo, JJ., concur.