In the Matter of the Claim of ANNA LEWIS, Respondent, against CHARLES F. NOYES COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 9, 1951.

*Philip J. Caputo* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Daniel Polansky*, of counsel), for Workmen's Compensation Board, respondent.

*Robert Irving Lennox* for claimant-respondent.

DEYO, J. The sole issue presented upon this appeal is whether or not claimant was the lawful widow of deceased. It was definitely established that claimant and deceased were married on April 27, 1935, and that they had lived together as man and wife until deceased met with accidental death in 1946. Documentary proof offered by appellants indicated that claimant had purportedly married one Kuzman Njegovan on February 4, 1925. Claimant admitted participation in this ceremony when a girl of fifteen, but claimed that Njegovan was already married at the time; that she had not seen him since the day after the ceremony and that he had died prior to her marriage to the deceased. To support her position claimant introduced into evidence over appellants' objections certain letters and other written documents to the effect that Njegovan had been married in Europe in 1899 and that he came to the United States in 1910 and died while returning to Europe in 1938, leaving a widow and at least one child.

The burden of overcoming the presumption in favor of the validity of the marriage assailed, is upon the person asserting such invalidity. (*Matter of Konieczny* v. *Kresse Co.,* 234 App. Div. 517.) The marriage in question was invalid only if one of the contracting parties had a spouse living at that time. (Domestic Relations Law, § 6.) The issue, therefore, was not whether claimant had gone through an earlier ceremony with someone else, but whether she was actually married to another

person living at the time of the second ceremony. It was not incumbent upon the claimant to prove that the alleged earlier marriage was invalid or had been terminated. The appellants, to be successful, were required to affirmatively establish that this earlier marriage was valid and existing at the time claimant married the deceased and to eliminate the possibility that this later ceremony was valid. Proof only of a previous marriage ceremony or a dozen previous ceremonies falls short of discharging the appellants' burden in this respect. (*Matter of Dugro*, 261 App. Div. 236, affd. 287 N. Y. 595.) The letters and documents, although unsworn to and not authenticated, were properly received in evidence (Workmen's Compensation Law, § 118), and constituted proper corroboration of claimant's contention that she was the lawful widow of deceased. The conclusion of the board that claimant was such widow is one of fact, and since it has the support of substantial evidence, it is conclusive upon the court. (Workmen's Compensation Law, § 20; *Matter of La Burt* v. *Ankara Perfumes*, 273 App. Div. 836.)

The award should be affirmed, with costs to the Workmen's Compensation Board.

Foster, P. J., Heffernan, Bergan and Coon, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.